Fix Arkansas Now Committee 650 Shackleford Road, Suite 400 Little Rock, AR 72211
Ladies and Gentlemen:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AN AMENDMENT TO ESTABLISH THE ARKANSAS EDUCATIONAL TRUST FUND, THE ARKANSAS GAMING COMMISSION, A STATE LOTTERY; TO PERMIT CHARITABLE BINGO GAMES AND RAFFLES CONDUCTED BY NON-PROFIT ORGANIZATION; AND TO ALLOW ARKANSAS CASINO CORPORATION TO OWN AND OPERATE SIX CASINO GAMBLING ESTABLISHMENTS ONE EACH IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN AND BOONE COUNTIES.
 (Ballot Title) A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION TO ESTABLISH THE ARKANSAS EDUCATIONAL TRUST FUND TO PROVIDE PRE-KINDERGARTEN PROGRAMS, TUTORIAL PROGRAMS, AND GRANTS TO HIGH SCHOOL STUDENTS WHO MAINTAIN A "B" GRADE AVERAGE OR EQUIVALENT, AS DEFINED BY THE ARKANSAS DEPARTMENT OF HIGHER EDUCATION; TO DEFRAY EXPENSES OF AN UNDERGRADUATE DEGREE AT AN ARKANSAS PUBLIC OR PRIVATE UNIVERSITY, COLLEGE, COMMUNITY COLLEGE OR VOCATIONAL/TRADE SCHOOL; TO ESTABLISH A STATE-OWNED LOTTERY, TO BE REGULATED BY THE ARKANSAS GAMING COMMISSION; REQUIRING ALL STATE LOTTERY PROCEEDS, LESS EXPENSES AND PRIZES, TO BE APPROPRIATED 100% TO THE ARKANSAS EDUCATIONAL TRUST FUND; PROVIDING THAT BINGO GAMES AND RAFFLES MAY BE CONDUCTED FOR CHARITABLE PURPOSES BY NONPROFIT ORGANIZATIONS AS RECOGNIZED BY SECTION 501(C)(3) OF THE INTERNAL REVENUE CODE WHO HAVE BEEN EXEMPT FROM FEDERAL TAXES FOR A PERIOD OF FIVE YEARS PRIOR TO APPLICATION, AND SHALL BE REGULATED BY THE ARKANSAS GAMING COMMISSION; PROVIDING SIX CASINO GAMBLING ESTABLISHMENTS BE ALLOWED TO IMMEDIATELY BEGIN OPERATIONS ONE EACH TO BE LOCATED IN THE FOLLOWING COUNTIES, SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN AND BOONE, TO BE OWNED AND OPERATED BY ARKANSAS CASINO CORPORATION; DEFINING CASINO GAMBLING AS WAGERING ON GAMES PLAYED WITH CARDS, DICE, OR ANY MECHANICAL, ELECTRICAL, ELECTRONIC, ELECTRO MECHANICAL OR COMPUTER DEVICE; ALLOWING THE SERVING OF ALCOHOLIC BEVERAGES IN CASINOS 24 HOURS A DAY, 365 DAYS A YEAR; CREATING THE ARKANSAS GAMING COMMISSION WHOSE MEMBERS SHALL BE APPOINTED BY THE GOVERNOR AND CONFIRMED BY THE SENATE WHO SHALL ESTABLISH AND OPERATE THE STATE LOTTERY, SHALL LICENSE AND REGULATE CHARITABLE BINGO AND RAFFLES, AND SHALL AUDIT THE OPERATIONS OF THE CASINOS TO INSURE THAT ALL CASINO TAXES DUE TO THE STATE ARE PAID; REQUIRING THE GENERAL ASSEMBLY TO LEVY A PRIVILEGE TAX ON ARKANSAS CASINO CORPORATION OF 15% OF NET CASINO GAMBLING REVENUES; PROHIBITING OTHER SPECIAL TAXES OR FEES WITH RESPECT TO CASINO GAMBLING OR RELATED ACTIVITIES; ALLOCATING SUCH 15% PRIVILEGE TAX AS FOLLOWS: 33 1/3% TO THE ARKANSAS EDUCATIONAL TRUST FUND, 20% TO THE ARKANSAS DIVISION OF AGING AND ADULT SERVICES, 26 2/3% TO THE 75 COUNTIES IN THE STATE BASED PROPORTIONALLY ON POPULATION, 13 1/3% TO EACH COUNTY IN WHICH A CASINO IS LOCATED AND IF THE CASINO IS IN A CITY LIMITS THEN THIS REVENUE SHALL BE DIVIDED EQUALLY BETWEEN THE COUNTY AND THE CITY, 6 2/3% TO THE STATE'S GENERAL FUND FOR THE OPERATIONAL COSTS OF THE ARKANSAS GAMING COMMISSION; PROHIBITING THE SALE OF LOTTERY TICKETS, PARTICIPATION IN BINGO, RAFFLES OR CASINO GAMING TO ANY PERSON UNDER THE AGE OF 21; PROHIBITING WAGERING ACTIVITIES OTHER THAN PARI-MUTUAL WAGERING ON HORSES AND GREYHOUNDS AND THOSE ACTIVITIES AUTHORIZED BY THIS AMENDMENT OR ANY OTHER AMENDMENT(S) TO THE ARKANSAS CONSTITUTION APPROVED BY VOTERS AT THE NOVEMBER 3, 1998 GENERAL ELECTION; REPEALING ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THE AMENDMENT; RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; AND DECLARING THE AMENDMENT OPERATIVE UPON PASSAGE.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all statewide proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in the voting booth when other voters are waiting in line.Bailey v. McCuen, supra. Also, both the length and the complexity of the ballot title are considerations in determining whether a voter can make an intelligent decision based on the ballot title. Parker v. Priest,326 Ark. 123, 930 S.W.2d 322 (1996) (the court also indicated that the organization of the language used is a factor to be considered). The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654,841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen, 318 Ark. 241,884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558,339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is therefore hereby certified in order to insure that, when construed together, the popular name and ballot title accurately summarize the proposed amendment:
 (Popular Name) AN AMENDMENT TO ESTABLISH A STATE LOTTERY; TO PERMIT CHARITABLE BINGO GAMES AND RAFFLES CONDUCTED BY NON-PROFIT ORGANIZATIONS; TO ALLOW ARKANSAS CASINO CORPORATION TO OWN AND OPERATE SIX CASINO GAMBLING ESTABLISHMENTS ONE EACH IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN AND BOONE COUNTIES; AND TO ESTABLISH THE ARKANSAS EDUCATIONAL TRUST FUND AND THE ARKANSAS GAMING COMMISSION.
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO ESTABLISH A STATE-RUN LOTTERY, TO BE REGULATED BY THE ARKANSAS GAMING COMMISSION; PROVIDING THAT BINGO GAMES AND RAFFLES MAY BE CONDUCTED FOR CHARITABLE PURPOSES BY NON-PROFIT ORGANIZATIONS AS RECOGNIZED BY SECTION 501(C)(3) OF THE INTERNAL REVENUE CODE WHO HAVE BEEN EXEMPT FROM FEDERAL TAXES FOR A PERIOD OF FIVE YEARS PRIOR TO APPLICATION, AND SHALL BE REGULATED BY THE ARKANSAS GAMING COMMISSION; PROVIDING THAT SIX CASINO GAMBLING ESTABLISHMENTS, TO BE OWNED AND OPERATED BY ARKANSAS CASINO CORPORATION, BE ALLOWED TO IMMEDIATELY BEGIN OPERATIONS ONE EACH TO BE LOCATED IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN AND BOONE COUNTIES; PROHIBITING CASINO GAMING IN ANY OTHER COUNTY; PROHIBITING THE SALE OF LOTTERY TICKETS, PARTICIPATION IN BINGO, RAFFLES OR CASINO GAMING TO ANY PERSON UNDER THE AGE OF 21; DEFINING CASINO GAMING AS ANY GAME PLAYED WITH CARDS, DICE, EQUIPMENT OR ANY MECHANICAL, ELECTROMECHANICAL OR ELECTRONIC DEVICE OR MACHINE FOR MONEY, PROPERTY, CHECKS, CREDIT OR ANY REPRESENTATIVE OF VALUE; REQUIRING ALL STATE LOTTERY REVENUE, LESS EXPENSES AND PRIZES, TO BE PAID TO THE ARKANSAS EDUCATIONAL TRUST FUND; REQUIRING PAYMENT OF A 15% TAX ON THE NET GAMING REVENUE OF ANY CASINO, TO BE ALLOCATED AS FOLLOWS: 33 1/3% TO THE ARKANSAS EDUCATIONAL TRUST FUND, 20% TO THE ARKANSAS DIVISION OF AGING AND ADULT SERVICES, 26 2/3% TO THE 75 COUNTIES IN THE STATE BASED PROPORTIONALLY ON POPULATION, 13 1/3% TO THE COUNTY IN WHICH THAT CASINO IS LOCATED AND IF THE CASINO IS IN A CITY LIMITS THEN THIS REVENUE SHALL BE DIVIDED EQUALLY BETWEEN THE COUNTY AND THE CITY, 6 2/3% TO THE STATE'S GENERAL FUND FOR THE OPERATIONAL COSTS OF THE ARKANSAS GAMING COMMISSION; PROHIBITING OTHER TAXES OR FEES ON THE GROSS REVENUES, NET GAMING REVENUES OR INCOME OF CASINO GAMING; ESTABLISHING THE ARKANSAS EDUCATIONAL TRUST FUND TO PROVIDE PRE-KINDERGARTEN EDUCATIONAL PROGRAMS, TUTORIAL PROGRAMS FOR HIGH SCHOOL STUDENTS, AND GRANTS TO QUALIFIED HIGH SCHOOL GRADUATES FOR POST-SECONDARY EDUCATION; REQUIRING THAT GRANT RECIPIENTS MAINTAIN A "B" GRADE AVERAGE, AS DEFINED BY THE ARKANSAS DEPARTMENT OF HIGHER EDUCATION; DEFINING POST-SECONDARY EDUCATION AS THE PURSUIT OF AN UNDERGRADUATE DEGREE AT A PUBLIC OR PRIVATE UNIVERSITY, COLLEGE, COMMUNITY COLLEGE OR VOCATIONAL-TECHNICAL SCHOOL LOCATED IN ARKANSAS; CREATING THE ARKANSAS GAMING COMMISSION, WHOSE MEMBERS SHALL BE APPOINTED BY THE GOVERNOR WITH THE ADVICE AND CONSENT OF THE SENATE, WHO SHALL ESTABLISH AND OPERATE THE STATE LOTTERY, SHALL LICENSE AND REGULATE CHARITABLE BINGO AND RAFFLES, AND SHALL AUDIT THE OPERATIONS OF THE CASINOS TO INSURE THAT ALL CASINO TAXES DUE TO THE STATE ARE PAID; PROVIDING FOR JUDICIAL REVIEW OF COMMISSION'S DECISIONS OR ACTIONS; ALLOWING A CASINO TO OPERATE ANY DAY FOR ANY PORTION OF THE DAY; ALLOWING THE SERVING OF ALCOHOLIC BEVERAGES IN CASINOS DURING ALL HOURS THEY OPERATE; PROHIBITING CASINO GAMING EXCEPT FOR AUTHORIZED LOCATIONS OPERATED BY ARKANSAS CASINO CORPORATION; PERMITTING THE SHIPMENT OF GAMBLING DEVICES; RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; PROVIDING THAT THE AMENDMENT IS NOT INTENDED TO AFFECT PARI-MUTUEL WAGERING AS CURRENTLY AUTHORIZED; DECLARING INAPPLICABLE ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THE AMENDMENT; AND DECLARING THE AMENDMENT OPERATIVE UPON PASSAGE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh